**WASHMONT CORPORATION v. HENRICK-SEN, Acting Collector of Internal Revenue.**

**No. 216.**

District Court, W. D. Washington, S. D.
Jan. 19, 1942.

Jones & Bronson, H. B. Jones, and Eugene Hooper, all of Seattle, Wash., for plaintiff.

Thomas R. Winter, of Seattle, Wash., for defendant.

BOWEN, District Judge.

This in all respects takes the place of the Court's oral decision as announced from the bench January 15, 1942, and said oral decision as then announced is hereby stricken and further held for naught.

The decision of the Court will not be based upon the fact that the issuance of the debenture certificates involved in this case may not have been in accordance with·the State law governing the issuance of corporate capital stock. The Court will lay aside any consideration of that point.

Likewise, the Court's decision will not be based upon the contention made by defendant's counsel that, because of the rule relating to options to purchase or.acquire stock, the taxpayer corporation was in legal effect the owner of the debentures by virtue of the redemption accelerating provision of the debenture certificate.

We have here a question of whether a certain written instrument (the debenture certificate) is of the nature of an indebtedness against the corporation issuing it, or whether it is of the nature of a stockholder's interest in the corporation.

There is no question but that the dominant intention of the incorporators was to prevent this instrument from being what we ordinarily understand as a legal stockholder's certificate, that is, an instrument making the holder a stockholder legally entitled to participate in the corporate affairs of the corporation issuing this certificate. The dominant purpose was to prevent that.

In order to induce the prospective certificate holder to be satisfied with its nature, whatever its nature was, and to be satisfied to give up the voice that a legal stockholder might have in the corporation, the certificate, among other provisions, did make the certificate holder entitled to a guaranteed interest rate—the very small rate of 3%—and also gave the certificate holder the right to participate in any distribution of assets, or in something over and above the face value of the certificate and accrued interest and participating benefits, in the nature of an accelerated distribution right in the corporate assets, along with the stockholders, in case the debenture should be called for redemption prior to normal redemption.

But the written terms of the certificate, in stating the obligations of the corporation, are more of the nature of indebtedness than they are of the nature of shares of stock. This is in the certificate manifested by an acknowledgment of the corporation's indebtedness and by an absolute promise to pay the face value of the certificate (and interest and participating benefits, to be conditionally paid) and by a provision giving the certificate holder a lien on all the corporation's property, present and future, to secure the payment of its obligations under the certificate.

The validity of the lien in the absence of notice of it is questioned by the plaintiff corporation, but in this proceeding there would seem no basis for such questioning by the corporation itself or its incorporators as against the debenture holders, because all of them have actual notice of the lien, and the record now discloses no others interested in and opposing the lien provisions.

No doubt there was a secondary intention in the minds of the incorporators to permit the prospective holder or holders of these certificates to have some contingent equitable interest in the corporate assets; but it was their primary intention, at the time of the creation and issuance of these certificates, that they should not be stock.

It was to the interest of the corporation, as interpreted by the management of it, to issue these debenture certificates, because in doing so the taxpayer corporation was obtaining some valuable voting stocks in certain brewery corporations, and was also obtaining a certain limited sum.of money—limited in the sense of being not so great as the par value of the brewery stock received in payment for the issuance of the debenture certificates.

The corporation very likely held out to the prospective certificate holder as much inducement as was available; and I dare say that one of the talking points was the contingent interest which the certificate holder was to have in the assets of the corporation in case of a dissolution of the taxpayer corporation or in case of the calling in and maturing of the debenture certificates before normal redemption.

Now, then, respecting the actual intention of the corporation and its management after the certificates were issued, it appears when the corporation desired to obtain loans from the bank that it did then intend, and I believe the evidence establishes that it then did actually intend, that these certificates should be regarded as shares of

equitable stock interest in the company, and apparently the president of the corporation when seeking the loan from the bank entertained no doubt at all in his mind that the certificates had that effect.

On the other hand, it just as clearly appears that, when the corporation went to compute and pay its income taxes, it on that occasion just as clearly intended that the nature of these certificates should be indebtedness, and not stock of any nature, and claimed as a deduction from gross income the interest paid on such debenture certificates as interest paid on corporate debts.

So we have a situation that, when the corporation wanted to borrow money from the bank, it intended that the certificates of debenture should be regarded as stock; but when the corporation was paying its income tax, it then intended that such debentures should be regarded as debts. It seems reasonable to conclude from the evidence that the corporation's financial interest was the factor determining whether the corporation would regard the debentures as corporate stock or corporate debt. The corporation obtained a financial benefit through the bank loans by regarding and representing the debentures as stock instead of debt, because the bank would not have made the loans if the debentures had been regarded as debt (Tr. 38). Obviously it was to the corporation's financial interest when making its income tax returns to reduce the amount of its tax by claiming as a deduction from gross income the interest it had paid on the debentures, and that could be done only by asserting (and the corporation did so assert) that the debentures were corporate debts instead of stock.

 And so the intention of the taxpayer when borrowing money that the· debentures should be regarded as corporate stock offsets the taxpayer's intention when computing and paying income tax that the debentures be regarded as corporate debt. Such conflicting intention nullifies any aid that the Court, when construing these debentures, might get from the corporation's attitude respecting the nature of the debenture certificates, and, in the absence of other convincing evidence of the intention of either the corporation or the certificate holders, the Court is left to determine the nature of the debentures and the intention of the issuer and holders thereof from the writing itself.

As has already been indicated, the writing itself primarily and essentially is the statement of a debt, because it contains an acknowledgment of a certain present amount of indebtedness with an absolute promise to pay that amount (with interest payable out of net earnings and certain other ascertainable contingent benefits) at a definite time in the future, with provision for accelerating maturity, all obligations being secured by lien on all of the corporation's property, notwithstanding participating dividend and asset distribution features. Plaintiff taxpayer has failed to establish that the debentures are corporate capital stock investments at the risk of the business of the corporation.

Considering what has been said and all the evidence in this case, the Court finds, concludes and decides that plaintiff taxpayer is a personal holding corporation with less than five stockholders and without right to recover back the tax it has previously paid and herein seeks to recover, and that the plaintiff's action should be dismissed.